

JENNIFER SKIPPER
t: (601) 965-8182
f: (866) 501-9984
e: jskipper@balch.com

June 6, 2022

*VIA E-MAIL*
Robert Brzezinski, Esq.
Jennifer A. Neal, Esq.
WATTS GUERRA LLP
4 Dominion Dr., Bldg 3, Suite 100

Ryan C. Reed, Esq.
RULMAN, CAPPUCCIO, & PULLEN, LLP
2161 NW NW Military Highway, Suite 400
San Antonio, TX 78213

James R. Moriarty, Esq.
LAW OFFICES OF JAMES MORIARTY
4119 Montrose, Suite 250
Houston, TX 77006

  Re: *Jason H. Furman, et al., v. AETC II Privatized Housing, et al.*
     **Case No. 5-20-CV-0147301138 - Erin Furman Discovery**

Dear Counselors:

  Thank you for notice that the Furmans are currently in country and your offer for them to be deposed in San Antonio. In looking at Erin Furman's discovery responses, I wanted to bring a few items to your attention and ask that the discovery be supplement and/or clarified. I submit these requests in good faith in an effort to resolve a discovery dispute.

  Ms. Furman was asked in Interrogatory No. 1 for basic background information. Plaintiff did not provide any information, including her full name or date or birth. Please supplement and respond to the discovery.

  Ms. Furman did not respond to Interrogatory No. 3 but only lodged objections. Please supplement.

  Ms. Furman made a statement in response to Interrogatories No. 7, 10, 11, and 14 that says "Plaintiff is not seeking medical damages." However, Ms. Furman answered on behalf of AJF, WEF,

188 East Capitol Street P.O. Box 22587
Suite 1400 Jackson, MS 39225
Jackson, MS 39201

ALABAMA | FLORIDA | GEORGIA | MISSISSIPPI | TEXAS | WASHINGTON, DC

balch.com

10872067.1

**EXHIBIT H**

June 6, 2022
Page 2

and OCF. Please clarify if that statement applies to all of the Plaintiffs serving the discovery responses. A stipulation for each is being submitted for your consideration for all of the parties responding to discovery.

The response to Interrogatory No. 15 states that "[a]ll documents supporting our claims for damages will be produced. Plaintiffs have sought "increased housing costs (rent/utilities)," "moving costs," "dislocation expenses," "babysitter expenses," "destroyed (soft goods, washer dryer)," and "mold remediation HHGs." Yet there have been no documents produced supporting any of those costs. Plaintiffs' initial disclosures lists "[p]hotographs and videos of the personal property affected." If such exist, please produce those. Initial disclosures also list "[c]ontemporaneous notes and recordings by Plaintiffs." However, none have been produced or listed in response to this Interrogatory. Request No. 11 seeks the production of these documents.

Interrogatory No. 16 asks for employees or former employees of Defendants who were contacted about any claim made herein. The response states "Subject to persons who Plaintiff dealt with identified in Number 17, Plaintiff has not contacted any employee of Defendants regarding this claims made in this case." The response to Interrogatory No. 17 which asks the names of all person who have knowledge of relevant facts says "See Plaintiffs' Disclosure Responses." Plaintiffs' Initial Disclosures do not identify any person outside of the mold testing companies' employees by name. Please supplement Interrogatories No. 16 and 17.

Interrogatories No. 19 and 20 ask for certain social media information. Plaintiff has not provided the information requested. Please supplement.

Plaintiff has not provided documents in response to Request No. 4. Please supplement.

It is unclear from Plaintiff's response to Request No. 8 if a claim is being made that she (or the children) are disabled as a result of any medical condition (in this case since there is no medical injury it would be a mental injury) based on the response that "[r]esponsive documents, if any, in Plaintiff's possession will be produced in accordance with the ESI Protocol." If there is a mental disability claim, please supplement with the documents requested. Request No. 22 would also be the same.

Request No. 9 seeks documents concerning treatment received for any nervous breakdown, mental illness or other psychiatric/mental illness or condition. Plaintiff stated such would be produced. There has been no such documents produced. Please supplement.

Request No. 10 seeks the Plaintiff's marriage license. However, there has been an objection lodged. Paragraph 22 of the Complaint calls Erin Furman the "wife" of Jason Furman. Additionally, unmarried servicemembers, as I understand it, are not eligible for housing. Please provide the marriage certificate.

Request No. 13 seeks the Plaintiffs income taxes. The response is an objection "as Plaintiffs are not asserting a claim for lost wages or loss of wage earning capacity." However, the listing of damages

10872067.1

notes "career impact concerns." (See Interrogatory No. 15) Plaintiffs' initial disclosures also list "lost income or profits" as well as "career setback costs." Please supplement.

Request No. 25 sought all communication with AFCEC/CIMP which led to the September 11, 2018 memo. The response was that they will be produced in accordance with the ESI. Please supplement.

Certain requests for production relate to social media/electronic discovery. None has been produced. Please supplement responses to Requests 26, 29, 30 and 36.

Request No. 28 seeks materials received from FOIA requests. Plaintiffs' initial disclosure response lists "[p]ublic records, including FOIA documents" in support of their claims. Please supplement.

Defendants have sought all recordings (video or audio) of any employee or former employee. The response was that they would be produced. Please supplement. The same for Request No. 32.

Please confirm that all communications responsive to Request No. 33 have been produced.

Request No. 35 seeks any documents submitted to a military claims officer concerning any loss alleged related to conditions at Goodfellow. The response was that it would be produced. Please supplement.

Thank you in advance for your consideration and supplementation. As the Plaintiffs are to be deposed next week I ask for immediate supplementation. Should you have any questions or need anything further, please let me know.

Sincerely,

Jennifer Skipper

JS:bn

Enclosures

10872067.1



JENNIFER SKIPPER
t: (601) 965-8182
f: (866) 501-9984
e: jskipper@balch.com

June 6, 2022

*VIA E-MAIL*
Robert Brzezinski, Esq.
Jennifer A. Neal, Esq.
WATTS GUERRA LLP
4 Dominion Dr., Bldg 3, Suite 100

Ryan C. Reed, Esq.
RULMAN, CAPPUCCIO, & PULLEN, LLP
2161 NW NW Military Highway, Suite 400
San Antonio, TX 78213

James R. Moriarty, Esq.
LAW OFFICES OF JAMES MORIARTY
4119 Montrose, Suite 250
Houston, TX 77006

  Re: *Jason H. Furman, et al., v. AETC II Privatized Housing, et al.*
     **Case No. 5-20-CV-01138  - Jason Furman Discovery**

Dear Counsel:

  Thank you for notifying us of the Furmans return to the United States Friday and the offer to depose them in San Antonio the week of June 13th. I have reviewed the discovery responses of Jason Furman and submit the following for supplementation and/or clarification. Please take this as my good faith attempt to resolve a discovery dispute.

  Mr. Furman did not provide basic information such as his name, date of birth, etc. that were requested in Interrogatory No. 1. Please supplement.

  Interrogatory No. 2 asks information as to Mr. Furman's employment. Plaintiff responded only that he is a Captain in the Marine Corp but refused to provide the remainder of the information because it is "private" and "irrelevant to the claims in this lawsuit." Plaintiff has made claims related to "lost income or profits" as well as "career setbacks" in discovery. Therefore the names of his co-workers and his wages are relevant and should be produced. Plaintiff's claim of privacy is inappropriate. Please supplement.

188 East Capitol Street P.O. Box 22587
Suite 1400 Jackson, MS 39225
Jackson, MS 39201
**balch.com**

ALABAMA | FLORIDA | GEORGIA | MISSISSIPPI | TEXAS | WASHINGTON, DC

10872067.1

Interrogatory No. 3 asks information related to Mr. Furman's employment. Plaintiff failed to respond, only providing that he "has had various roles in the Marine Corp." Based upon the claims made in this case the information is relevant and should be produced. Please supplement.

Based upon Mr. Furman's response to Interrogatory No. 7, a stipulation is being provided with these good faith letters.

The response to Interrogatory No. 15 states that "[a]ll documents supporting our claims for damages will be produced." Plaintiffs have sought "increased housing costs (rent/utilities)," "moving costs," "dislocation expenses," "babysitter expenses," "destroyed (soft goods, washer dryer)," and "mold remediation HHGs." Yet there have been no documents produced supporting any of those costs. Plaintiffs' initial disclosures lists "[p]hotographs and videos of the personal property affected." If such exist, please produce those. Initial disclosures also list "[c]ontemporaneous notes and recordings by Plaintiffs." However, none have been produced or listed in response to this Interrogatory. Request No. 11 seeks the production of these documents.

Interrogatory No. 16 asks for employees or former employees of Defendants who were contacted about any claim made herein. The response states "Subject to persons who Plaintiff dealt with identified in Number 17, Plaintiff has not contacted any employee of Defendants regarding this claims made in this case." The response to Interrogatory No. 17 which asks the names of all person who have knowledge of relevant facts says "See Plaintiffs' Disclosure Responses." Plaintiffs' Initial Disclosures do not identify any person outside of the mold testing companies' employees by name. Please supplement Interrogatories No. 16 and 17.

Interrogatories No. 19 and 20 ask for certain social media information. Plaintiff has not provided the information requested. Please supplement.

Plaintiff has not provided documents in response to Request No. 4. Please supplement.

It is unclear from Plaintiff's response to Request No. 8 if a claim is being made that he is disabled as a result of any medical condition (in this case since there is no medical injury it would be a mental injury) based on the response that "[r]esponsive documents, if any, in Plaintiff's possession will be produced in accordance with the ESI Protocol." If there is a mental disability claim, please supplement with the documents requested. Request No. 22 would also be the same.

Request No. 9 seeks documents concerning treatment received for any nervous breakdown, mental illness or other psychiatric/mental illness or condition. Plaintiff stated such would be produced. There has been no such documents produced. Please supplement or state none exists.

Request No. 10 seeks the Plaintiff's marriage license. However, there has been an objection lodged. Paragraph 22 of the Complaint calls Erin Furman the "wife" of Jason Furman. Additionally, unmarried servicemembers, as I understand it, are not eligible for housing. The Plaintiffs were afforded housing due to marriage. Please provide the marriage certificate.

June 6, 2022
Page 3

Request No. 13 seeks the Plaintiffs' income taxes. The response is an objection "as Plaintiffs are not asserting a claim for lost wages or loss of wage earning capacity." However, the listing of damages notes "career impact concerns." (See Interrogatory No. 15) Plaintiffs will assumedly plead financial hardship is moving out or otherwise. Plaintiffs' initial disclosures also list "lost income or profits" as well as "career setback costs." Please supplement as it is relevant and discoverable.

Request No. 25 sought all communication with AFCEC/CIMP which led to the September 11, 2018 memo. The response was that they will be produced in accordance with the ESI. Please supplement.

Certain requests for production relate to social media/electronic discovery. None has been produced. Please supplement responses to Requests 26, 29, 30 and 36.

Request No. 28 seeks materials received from FOIA requests. Plaintiffs' initial disclosure response lists "[p]ublic records, including FOIA documents" in support of their claims. Please supplement.

Defendants have sought all recordings (video or audio) of any employee or former employee. The response was that they would be produced. Please supplement. The same for Request No. 32.

Please confirm that all communications responsive to Request No. 33 have been produced.

Request No. 35 seeks any documents submitted to a military claims officer concerning any loss alleged related to conditions at Goodfellow. The response was that it would be produced. Please supplement.

Thank you in advance for your consideration and supplementation. As the Furmans are to be deposed next week, immediate supplementation is requested. Should you have any questions or need anything further, please let me know.

Sincerely,

Jennifer Skipper

JS:bn

Enclosures

10872067.1